IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD ORLANDO OVERMILLER,** : | **CIVIL NO. 1:CV-06-0025** |
| **Plaintiff** : | |
| v. : | |
| **COMMONWEALTH OF YORK,** : | |
| **Defendant** : | |

## **MEMORANDUM AND ORDER**

On January 5, 2006, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1331. After review of the complaint, the court determined that Plaintiff may have intended to file the complaint pursuant to 42 U.S.C. § 1983. By order of January 11, 2006, Plaintiff was directed to file an amended complaint identifying with particularity his constitutional claims, the persons involved, and the nature of defendants' actions leading to any constitutional violations.

On January 13, 2006, Plaintiff filed and served an amended complaint. Defendant, County of York, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff has failed to comply this court's order of January 11, 2006, the action will be dismissed and the motion filed by Defendant will be deemed moot.

The amended complaint names as defendant the County of York, Pennsylvania. Plaintiff claims that he (1) is being harassed by persons of Irish decent (he is of German decent); (2) was committed against his will and wants this removed from his record; (3) wants his probation charges removed; (4) wants the removal of protection order against him vacated; (5) was forced to pay fines; (6) is being followed by private citizens; (7) was assaulted by cops; (8) was sent to prison

falsely; and (9) is continually given tickets by cops for motor vehicle violations without cause.

Once again Plaintiff fails to state what constitutional right has been violated and by whom.  He has not stated what municipal policy or custom brings into play a constitutional violation by the County of York.  He appears to blame the County of York for the actions of unnamed police officers.  The County of York is not responsible for the actions of police departments within its boundaries.  Furthermore, a municipality cannot be held responsible for damage under 42 U.S.C. § 1983 on a vicarious liability theory.  Carswell v. Borough of Homestead, 381 F.3d 235 (3d Ci. 2004).

Plaintiff was given explicit instructions in the January 11, 2006 order regarding the requirements of an amended complaint.  Plaintiff was also advised that failure to comply could result in dismissal of this action.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1) The captioned action is dismissed.

2) Defendant's motion to dismiss is deemed moot.

3) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

4) The Clerk of Court shall close the file.

    s/Sylvia H. Rambo  
    SYLVIA H. RAMBO  
    United States District Judge

Dated: February 1, 2006.